IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ONYX THERAPEUTICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| AMNEAL PHARMACEUTICALS OF NEW YORK, LLC and AMNEAL EU, LIMITED, | ) ) ) |
| | ) |
| Defendants. | ) |

## MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL

Plaintiff Onyx Therapeutics, Inc. respectfully moves pursuant to Federal Rule of Civil Procedure 5.2 and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, for an order that its Complaint against Amneal Pharmaceuticals of New York, LLC, and Amneal EU, Limited (collectively, "Amneal") be filed under seal. The bases for this Motion are set forth below.

1. This Court has the "inherent equitable power to grant confidentiality orders." *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 785-86 (3d Cir. 1994). Although there is a "presumption in favor of public accessibility," the Court has authority to seal documents "when justice so requires," provided the party requesting sealing demonstrates that the "interest in secrecy outweighs the presumption" of access. *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 299-300 (D. Del. 2013) (quoting *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221-22 (3d Cir. 2011)). Thus, "courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. Bic Corp.,* 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Comm., Inc.*,

435 U.S. 589, 598 (1978)); *see also* Fed. R. Civ. P. 26(c)(l)(G) (identifying "confidential . . . commercial information" as one category of information that can be protected via court order); *see also Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (finding good cause to seal documents "to protect the parties' confidential proprietary business and competitive interests").

2.  The Complaint refers in Paragraphs 29-33 to information that Plaintiff believes Amneal may consider confidential, proprietary, and commercially sensitive business information relating to Amneal's New Drug Application.  Therefore, Plaintiff respectfully requests that it be permitted to file and maintain its Complaint under seal, and respectfully requests that the Court enter the Proposed Order submitted herewith.

3.  In accordance with D. Del. LR 5.1.3 and the District of Delaware Administrative Procedures Governing Filing and Service by Electronic Means Section (G)(1), Plaintiff shall submit a redacted version of its Complaint within 7 days after filing of the sealed Complaint.

OF COUNSEL:

John R. Labbe
Kevin M. Flowers
Thomas R. Burns
MARSHALL, GERSTEIN & BORUN LLP
6300 Willis Tower
233 South Wacker Drive
Chicago, IL  60606
(312) 474-6300

Wendy A. Whiteford
C. Nichole Gifford
Joseph E. Lasher
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA  91320-1789
(805) 447-1000

September 4, 2025

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Plaintiff Onyx Therapeutics, Inc.*